# STATE of Wisconsin, Plaintiff-Respondent,

## v.

# Mark A. SZARKOWITZ, Defendant-Appellant.†

Court of Appeals

*No. 90-0286-CR. Submitted on briefs July 18, 1990.—Decided August 21, 1990.*

(Also reported in 460 N.W.2d 819.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *John D. Lubarsky,* assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *Gregory M. Posner-Weber,* assistant attorney general.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J.   Mark Szarkowitz appeals a judgment of conviction for one count of burglary setting restitution in the amount of $15,000 and an order denying his

motion for postconviction relief. Szarkowitz contends that the trial court erred by: (1) ordering restitution absent his stipulation as to the amounts owed and without inquiry into his present and future financial ability to pay; (2) ordering restitution to victims not associated with the crime for which he was convicted; and (3) denying his motion for postconviction relief on the grounds that it was untimely. Because Szarkowitz failed to preserve for appeal any objection to the sufficiency of the record in support of the restitution order and because the trial court was empowered to award restitution under sec. 973.20, Stats., to the victims of crimes read in at the time of sentencing, we affirm that part of the restitution order awarding compensation to the victims of the burglary upon which Szarkowitz was convicted as well as to the victims of any crimes read in as part of his plea agreement. We conclude that any error in the denial of Szarkowitz's motion for postconviction relief was harmless. But we reverse that part of the trial court's order for restitution that awards compensation to the victims of crimes not read into the record at the time of sentencing or crimes for which Szarkowitz was not convicted and remand for further proceedings.

Szarkowitz was charged with four counts of burglary in violation of sec. 943.10, Stats. Count one alleged a burglary at Mary's Family Restaurant. Counts two through four alleged other burglaries, whose victims were described as Ray Ullman, J&S Homes and Auto Refinishing Specialists. Szarkowitz entered into a plea agreement with the state under which he pled no contest to the first burglary count and agreed to have the remaining three counts read in at the time of sentencing. The parties also agreed to the read-in of two Lincoln County felony and theft charges.

The trial court ordered a presentence investigation report, which contained a restitution summary. The summary identified eight victims. Four were those victims identified in the counts charged in the information, three were insurance companies and one was Super Burger of Kaukauna. The total restitution claimed by all eight amounted to $15,637.13.[1] During the sentencing proceedings following the trial court's acceptance of Szarkowitz's plea, the prosecutor referred to the presentence on a number of occasions, including a reference to the "significant property loss in this case, over fifteen thousand dollars that's involved." Szarkowitz's counsel also repeatedly referred to the presentence in his argument to the trial court.

After both attorneys had completed their arguments, the court invited Szarkowitz to personally "tell the Court what you want to." Szarkowitz discoursed at length on his attempts to help his family meet their financial obligations when his father injured his back in a work-related injury ten years earlier, and detailed his plans for his future education and his eventual goal of becoming a social worker or probation officer. His testimony was directed at persuading the court that he was a diligent worker, concerned with his family's needs. At no time did he argue that he would be unable to pay any court-ordered restitution. The trial court then sentenced Szarkowitz, and ended the proceedings with the following statement:

> Based upon your record and based upon the seriousness of the offenses, the Court concludes that the

---

[1]We note the discrepancy between the summary total of $15,637.13 and the trial court's order of restitution in the amount of $15,000. As this discrepancy is not an issue on appeal, we need not address it here.

recommendation in the presentence and the plea bargain were reasonable and sentences you to three years in the Wisconsin correctional system to run consecutive to the time now being served. Restitution is set at fifteen thousand dollars. And since you are such a fine worker, when you get out on parole, you obviously are going to get a job, and not only going to take care of your father, but you are going to pay back the people that you injured in your activities.

The trial court ordered restitution under sec. 973.20, Stats., when sentencing Szarkowitz. Section 973.20 states in pertinent part:

> **(1)** When imposing sentence or ordering probation for any crime, the court, in addition to any other penalty authorized by law, shall order the defendant to make full or partial restitution under this section to any victim of the crime or, if the victim is deceased, to his or her estate, unless the court finds substantial reason not to do so and states the reason on the record . . ..
>
> . . ..
> **(13)(a)** The court, in determining whether to order restitution and the amount thereof, shall consider all of the following:
> 1. The amount of loss suffered by any victim as a result of the crime.
> 2. The financial resources of the defendant.
> 3. The present and future earning ability of the defendant.
> 4. The needs and earning ability of the defendant's dependents.
> 5. Any other factors which the court deems appropriate.
>
> . . ..
> **(c)** The court, before imposing sentence or ordering probation, shall inquire of the district attor-

ney regarding the amount of restitution, if any, that the victim claims. The court shall give the defendant the opportunity to stipulate to the restitution claimed by the victim and to present evidence and arguments on the factors specified in par. (a). If the defendant stipulates to the restitution claimed by the victim or if any restitution dispute can fairly be heard at the sentencing proceeding, the court shall determine the amount of restitution before imposing sentence or ordering probation . . ..

. . ..
(14) Any at hearing under sub. (13), all of the following apply:

(a) The burden of demonstrating by the preponderance of the evidence the amount of loss sustained by a victim as a result of the crime is on the victim. The district attorney is not required to represent any victim unless the hearing is held at or prior to the sentencing proceeding or the court so orders.

(b) The burden of demonstrating, by the preponderance of the evidence, the financial resources of the defendant, the present and future earning ability of the defendant and the needs and earning ability of the defendant's dependents is on the defendant.

As a threshold issue, we note that sec. 973.20, Stats., applies to persons who commit crimes on or after September 1, 1988. *See* sec. 44, 1987 Wis. Act 398. All of the crimes for which Szarkowitz was ordered to pay restitution occurred on or after October 3, 1988.

Szarkowitz first contends that the trial court erred by ordering restitution absent any stipulation by him as to the amounts owed to various victims and without inquiry into his financial resources, his present and future earning ability and the needs and earning ability of his dependents. He argues that the court's failure to obtain a stipulation or to make a detailed inquiry with

747

respect to his ability to pay any ordered restitution violates the mandatory language of sec. 973.20(13)(a) and (c), Stats. We do not agree.

The construction of a statute is a question of law. *In re F.E.W.,* 143 Wis. 2d 856, 860, 422 N.W.2d 893, 895 (Ct. App. 1988). Generally, where a statute is plain and unambiguous, the plain meaning must be given to the statute. *Id.* We hold that the requirements of sec. 973.20(13)(a) and (b), Stats., are plain and unambiguous, and assign to the terms of those statutory subsections their plain meaning.

Because the parties agree that the trial court here did not make specific findings with respect to each of the factors listed in sec. 973.20(13)(a), Stats., we are asked to apply the statutory requirements of sec. 973.20(13)(c) to a set of undisputed facts. The application of a statute to a particular set of facts presents a question of law, which this court decides without deference to the trial court. *In re Frank,* 140 Wis. 2d 429, 431, 410 N.W.2d 621, 622 (Ct. App. 1987).

The restitution summary in itself is sufficient to meet the statutory requirement that the court "inquire of the district attorney regarding the amount of restitution, if any, that the victim claims." Section 973.20(13)(c), Stats. The court provided Szarkowitz and his counsel with ample opportunity to contest the amount of restitution claimed in the summary. Szarkowitz had notice of the contents of the report and summary prior to the commencement of the sentencing proceedings. The prosecutor also referred to the amount of restitution claimed in the summary during her argument to the court.

748

Section 973.20(13)(c), Stats., requires the court to "give the defendant the opportunity to stipulate to the restitution claimed by the victim." The plain meaning of the word stipulate, as defined in Black's Law Dictionary 1268 (5th ed. 1979), is "[a]rrange or settle definitely." The use of the word "stipulate" in sec. 973.20(13)(c) does not imply a requirement of a formal written stipulation, signed by the defendant, as to the amount of restitution claimed. We hold that, in the absence of any objection to amounts claimed on a court-ordered restitution summary accompanying a presentence investigation, where a defendant has been given notice of the contents of that report and summary, the trial court is entitled to proceed on the understanding that the claimed amount is not in dispute, and so order restitution under sec. 973.20(13)(c). In such a case, the trial court need make no detailed finding with respect to factor one listed in sec. 973.20(13)(c), because the amount of loss suffered by any victim as a result of the crime is not an issue before the court.

As to Szarkowitz's argument that the court failed to solicit any information with respect to his ability to pay the ordered restitution, we conclude that the statute clearly allocates the burden of proof on this matter to Szarkowitz. *See* sec. 973.20(14)(b), Stats. The court is obligated, under the mandatory language of sec. 973.20(13)(a), to consider any evidence introduced by Szarkowitz with respect to his ability to pay when determining the amount of restitution. It is also obligated, under sec. 973.20(13)(c), to "give the defendant the opportunity . . . to present evidence and arguments on the factors specified in par. (a)." Szarkowitz was given this opportunity throughout the sentencing hearing, and

he made no attempt to present such evidence or make any offer of proof with respect to these issues. We do note that there was a significant amount of information before the court as to Szarkowitz's ability to pay the ordered restitution, both in the presentence report and in Szarkowitz's own testimony concerning his prior work record and future employment plans. Where a defendant has been given the opportunity, but fails to offer any evidence on the issue of his inability to pay amounts claimed as restitution, he has failed in his assigned burden of proof under sec. 973.20(14)(b), and the trial court is entitled to award restitution under sec. 973.20(13)(c). In such a case, the trial court need not make detailed findings with respect to factors two through four listed in sec. 973.20(13)(a) because the defendant's inability to pay claimed restitution is not an issue before the court.

Szarkowitz relies on *State v. Foley,* 142 Wis. 2d 331, 345-46, 417 N.W.2d 920, 927 (Ct. App. 1987), for the proposition that when a statute requires a trial court to consider stated factors in reaching a decision, the court acts in excess of its discretion if it fails to state why and how it made its decision. His reliance on *Foley* is misplaced because *Foley* is clearly distinguishable on its facts from the case before us. The defendant in *Foley* specifically requested an evidentiary hearing to determine the identity of victims of his crime and the appropriate amount of restitution to be awarded, thereby placing those matters in issue before the court. Here, Szarkowitz was given the opportunity, but failed to place these matters in issue. Consequently, the trial court's failure to make detailed findings on each statutory factor was not an abuse of discretion.

Szarkowitz next contends that the trial court erred by ordering restitution under sec. 973.20, Stats., to vic-

tims not associated with the crime for which he was convicted. He argues that sec. 973.20(1) empowers the court to "order the defendant to make full or partial restitution under this section to *any victim of the crime*" (emphasis added). In Szarkowitz's view, because sec. 973.20 was modeled on the Federal Victim and Witness Protection Act (VWPA), 18 U.S.C.A. secs. 3663, 3664 (Supp. 1990) (formerly 18 U.S.C.A. sec. 3579, 3580), this court should adopt the holding of the United States Supreme Court, which interpreted similar language in the VWPA to "authorize an award of restitution only for the loss caused by the specific conduct that is the basis of the offense of conviction." *Hughey v. United States,* No. 89-5691 slip op. at 1 (U.S. May 21, 1990).

This second contention is, again, an issue of statutory construction. A statute is ambiguous if reasonable persons could disagree as to its meaning; whether reasonable persons could so disagree is a matter of law. *Hemerley v. American Fam. Mut. Ins. Co.,* 127 Wis. 2d 304, 307, 379 N.W.2d 860, 862 (Ct. App. 1985). The term "any victim of the crime" in sec. 973.02(1), Stats., is ambiguous in that it could reasonably be interpreted narrowly so as to encompass only the crime of conviction, or more expansively to encompass the entire "crime" before the court in sentencing proceedings, including read-ins. If a statute is ambiguous, we must utilize intrinsic and extrinsic aids to determine legislative intent. *Hainz v. Shopko Stores,* 121 Wis. 2d 168, 172, 359 N.W.2d 397, 400 (Ct. App. 1984).

Where a state statute is modeled on a federal statute, federal law construing the language of the federal statute is persuasive authority. *WED v. PSC,* 79 Wis. 2d 161, 174, 255 N.W.2d 917, 925 (1977). Such a determina-

tion by a federal court is afforded great weight by Wisconsin courts. *See Industrial Comm'n v. Woodlawn Cemetery Ass'n,* 232 Wis. 527, 533, 287 N.W. 750, 753 (1939); *Carlson Heating v. Onchuck,* 104 Wis. 2d 175, 179 n.2, 311 N.W.2d 673, 675-76 n.2 (Ct. App. 1981).

Where the federal construction in question is rendered after adoption of the statute by a state, a number of state courts have held that it is merely persuasive authority, not binding on the state. *See* 2A Sutherland, *Statutory Construction* sec. 52.02 at 540 n.32 (4th ed. 1984) (citing *Kahn v. Kahn,* 68 Cal. App. 3d 372, 387, 137 Cal. Rptr. 332, 340 (1977); *DOR v. Estate of Wallace,* 408 N.E.2d 150 (Ind. App. 1980); *State v. Wells,* 276 N.W.2d 679 (N.D. 1979)).[2]

Section 973.20(1), Stats., was enacted in 1987. Section 43, 1987 Wis. Act 398. The Supreme Court's interpretation of the language of the VWPA is dated May 21, 1990. Such a recent interpretation could not have formed part of our legislature's intent in adopting the language of sec. 973.20(1) in 1987. As a result, we consider the court's holding in *Hughey* merely persuasive authority with respect to the appropriate statutory construction to be applied to sec. 973.20(1).

As noted, the United States Supreme Court interprets the section of the VWPA authorizing restitution to "any victim of *such offense*" to include only the specific conduct that is the basis of the offense of conviction.

---

[2]*See also Carlson Heating,* 104 Wis. 2d at 179 n.2, 311 N.W.2d at 675-76 n.2 ("Under Wisconsin law, statutes that have received judicial construction in another state *and then have been adopted by Wisconsin* are taken with the construction that has been given to them. The same rule applies when Wisconsin adopts language of federal statutes that have been construed by the United States Supreme Court.") (Emphasis added.)

*Hughey,* slip op. at 1 (emphasis added). The procedure we use in Wisconsin for read in crimes, however, is demonstrably different from that used in *Hughey.* In *Hughey,* the Court took into consideration evidence offered by the government as to other crimes allegedly committed by Hughey as part of the factual basis of his plea. Hughey's counsel, however, informed the Court that "petitioner's plea was confined to the allegations in count four and that petitioner did 'not mak[e] admissions to anything other than the facts pertaining to count four.' " *Id.* at 2.

Wisconsin's read-in procedure, in contrast, has been described by our supreme court in *Austin v. State,* 49 Wis. 2d 727, 732, 183 N.W.2d 56, 58–59 (1971): "Under our read-in procedure, the defendant does not plead to any charges and therefore is not sentenced on any of the read-in charges but such *admitted* uncharged offenses are considered in sentencing him on the charged offense." *Id.* (emphasis added). The Supreme Court in *Hughey* found that the federal statute did not authorize a restitution order for "crimes" that the court considers, but to which the defendant never admits. In Wisconsin, when a defendant agrees to crimes being read in at the time of sentencing, he makes an admission that he committed those crimes. The trial court considers these read-ins as part of the defendant's conduct for sentencing purposes, and the state is prohibited from later formally charging the defendant for these criminal offenses.

The distinction between a court's consideration of crimes to which a defendant admits at the time of sentencing and its consideration of other "crimes" to which the defendant does not admit has long been recognized. *See, e.g.,* Annot., "*Court's right, in imposing sentence, to hear evidence of, or to consider, other offenses commit-*

*ted by defendant,"* 96 A.L.R.2d sec. 7(a), 768, 787 (1964).[3] We conclude that the language "any victim of the crime" in sec. 973.20(1), Stats., includes victims of any crimes to which the defendant admits as part of the read-in procedure as well as victims of the particular crime for which he is convicted.

Our holding is consonant with well-settled Wisconsin case law permitting the award of restitution under other statutory subsections to victims of crimes apart from the crime of conviction. Awards of restitution to victims of other crimes have been held to be authorized under both the children's code and the probation statute. *In re R.W.S.*, 156 Wis. 2d 526, 457 N.W.2d 498 (Ct. App. 1990) (ordered published June 27, 1990); *see also State v. Gerard,* 57 Wis. 2d 611, 618–19, 205 N.W.2d 374, 378 (1973).

In *R.W.S.*, this court held that the children's code authorizes an order of restitution on delinquency petitions that have been dismissed but read in, even where the juvenile involved is not placed on probation. We noted that the expansive statutory grant of authority in the children's code compares to that of the probation statute and justifies such a holding:

> Once the child has been adjudicated delinquent, sec. 48.34(2), Stats., grants the judge general authority to prescribe certain conditions "including . . . reasonable rules for the child's conduct . . . designed

---

[3]"In some cases it has been held or recognized that other offenses of which the defendant had not been convicted, and as to which no charges had been filed or charges were pending, were a proper matter for the consideration of the sentencing judge in fixing the punishment for the crime charged, *especially where the defendant's guilt of such other offenses was admitted or was not denied.*" (Emphasis added.)

for the physical, mental and moral well-being and behavior of the child." The adult code similarly allows a judge, when ordering probation, to impose "any conditions which appear to be reasonable and appropriate." . . .. Restitution is one such reasonable and appropriate condition because it advances the objectives of probation.

*Id.* at 4 (quoting secs. 48.34(2) and 973.09(1)(a), Stats.).

In *Gerard,* our supreme court held that where "[t]he burglaries perpetrated and the amounts lost and not recovered were specifically set forth in the record with detail and admitted by defendant," *id.* at 619, 205 N.W.2d at 379, then "restitution for the total amount can be ordered as a condition of probation." *Id.* The probation statute, sec. 973.09, Stats., construed in *Gerard,* grants more expansive powers to the trial court when ordering probation than are granted to it under sec. 973.20 when sentencing a defendant to prison. As noted in *R.W.S.,* sec. 973.09(1)(a) allows the court to "impose any conditions which appear to be reasonable and appropriate" when placing a convicted defendant on probation.

The absence of such expansive language in sec. 973.20(1), Stats., does not mean that the term "any victim of the crime" must be narrowly read to encompass only victims of the crime of conviction. A general rule of statutory construction is that statutes should not be construed or interpreted to achieve absurd or unreasonable results. *Wisconsin Veterans Home v. Division of Nursing Home Forfeiture Appeals,* 104 Wis. 2d 106, 113, 310 N.W.2d 646, 649 (Ct. App. 1981). A narrow reading of sec. 973.20(1), when juxtaposed against the supreme court's holding in *Gerard,* would lead to an absurd result. Prosecutors interested in obtaining restitution for vic-

tims of a number of crimes perpetrated by a defendant would have to decide in advance whether a trial court was likely to grant probation or sentence the defendant to prison upon conviction of only one count. If the former, the prosecutor could allow the other crimes to be read in at the time of sentencing, and victims of those crimes would still be awarded restitution under *Gerard.* If the latter, the prosecutor concerned with obtaining compensation for victims would have to refuse to read in any of the other crimes, and would have to insist on formally charging the defendant for each offense. Obviously, the prosecutor will not know prior to sentencing whether the defendant will be sentenced to prison or placed on probation. Our holding here will avoid such an absurd result.

■

The trial court's order of restitution in this matter, however, does not appear on the record to conform entirely to our holding. The order is based upon the restitution summary accompanying the presentence investigation. This summary is unclear as to the genesis of each named victim's claims. We assume the four victims named in the original four counts of the information are making claims based on those crimes. We cannot judge from the record whether the three insurance companies listed have claims related to either the crime of conviction or the three crimes read in at the time of sentencing. In any event, the award of restitution to Super Burger in Kaukauna has no relationship on this record to the crime of conviction or to crimes read in. We therefore remand this matter to the trial court for a determination of the appropriate amount of restitution consistent with our holding.

Szarkowitz's final contention is that the trial court erred by denying his motion for postconviction relief under sec. 809.30(2)(h), Stats., on the grounds that it was not timely filed. We need not address the merits of this contention because any error the trial court might have made in denying Szarkowitz's motion is, in light of our holding, harmless error. Section 805.18(2), Stats. As we have indicated throughout this opinion in our discussion of standards of review, all questions Szarkowitz presents to this court are resolved as matters of law. This court reviews questions of law de novo, without being bound by the trial court's decision. *Quinn v. Town of Dodgeville*, 120 Wis. 2d 304, 307, 354 N.W.2d 747, 749 (Ct. App. 1984), *aff'd*, 122 Wis. 2d 570, 364 N.W.2d 149 (1985). Szarkowitz was not prejudiced by the trial court's denial of his motion for postconviction relief where he received a full de novo review on appeal of all issues he chose to pursue.

*By the Court.*—Judgment and order affirmed in part; reversed in part and cause remanded with directions.