STATE of Wisconsin, Plaintiff-Respondent,

v.

David J. WILSON, Defendant-Appellant.†

Court of Appeals

*No. 92–0714. Submitted on briefs July 21, 1992.—Decided August 26, 1992.*

(Also reported in 490 N.W.2d 48.)

On behalf of the defendant-appellant, the cause was submitted on the *pro se* briefs of *David J. Wilson.*

† Petition to review denied.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Jerome S. Schmidt,* assistant attorney general.

Before Brown, Anderson and Snyder, JJ.

SNYDER, J. David J. Wilson appeals *pro se* from an order denying his motion for production of transcripts and records. He claims that under sec. 973.08(3), Stats., he is entitled to the material upon his request. We disagree. He is entitled to the material upon order of a court. Since the trial court did not abuse its discretion in denying his motion, we affirm.

Wilson is serving a twenty-year sentence for second-degree murder. His motion for postconviction relief seeking a new trial or sentence reduction was denied by the trial court. This court reversed the judgment of conviction based on one issue. *State v. Wilson,* 145 Wis. 2d 143, 426 N.W.2d 56 (Ct. App. 1988). The state supreme court reversed the court of appeals and remanded for reinstatement of his conviction. *State v. Wilson,* 149 Wis. 2d 878, 440 N.W.2d 534 (1989). Wilson then challenged his state conviction by filing a writ of habeas corpus in federal court. The district court dismissed the petition; Wilson's appeal is pending in the Seventh Circuit Court of Appeals.

On February 6, 1992, Wilson moved for production of transcripts and records relating to the John Doe investigation which preceded his criminal prosecution.[1]

---

[1]Specifically, Wilson requested the following material:

1. Entry dated, 9/16/85, Exhibits (Exhibits transferred from file 85-CV-1190, to this file.)
2. Entry dated, 9/16/85, order, (copy of order from file 85-CV-1190.)
3. Entry dated, 1/10/86, Motion for Disclosure of John Doe testimony of trial witnesses.
4. Entry dated 1/15/86, Order Re: John Doe testimony.

He gave no reason for requesting the documents. The trial court denied his motion because it set forth "no arguably meritorious claim." Wilson appeals.

This issue requires us to construe sec. 973.08, Stats.[2] Construction of a statute is a question of law. *State v. Szarkowitz,* 157 Wis. 2d 740, 748, 460 N.W.2d 819, 822 (Ct. App. 1990). Where the wording of a statute is plain and unambiguous, the plain meaning must be given to it. *Id.* We conclude the statute is unambiguous.

When a defendant is delivered to a state prison, a copy of the judgment of conviction and of any restitution order must accompany the prisoner and the sentencing transcript must follow within 120 days of sentencing. Section 973.08(1) and (2), Stats. In addition, "[t]he transcript of all other testimony and proceedings upon order of a court shall be delivered to a prisoner within 120 days of his or her request." Section 973.08(3). Wilson argues that subsec. (3) clearly imposes upon the circuit court a

---

5. Entry dated, 1/21/86, Defendant's Exhibit #4—Partial transcript of John Doe hearing.

[2]Section 973.08, Stats., provides:

**973.08 Records accompanying prisoner. (1)** When any defendant is sentenced to the state prisons, a copy of the judgment of conviction and a copy of any order for restitution under s. 973.20 shall be delivered by the officer executing the judgment to the warden or superintendent of the institution when the prisoner is delivered.

**(2)** The transcript of any portion of the proceedings relating to the prisoner's sentencing shall be filed at the institution within 120 days from the date sentence is imposed.

**(3)** The transcript of all other testimony and proceedings upon order of a court shall be delivered to a prisoner within 120 days of his or her request.

**(4)** The transcript of all other testimony and proceedings upon order of a court shall be delivered to the department within 120 days of its request.

**(5)** The clerk of court shall file or deliver a transcript under sub. (2), (3) or (4).

duty to release records "upon the request of a prisoner" but that it imposes no duty on a requester to set out an "arguably meritorious claim."

We disagree. As to the first part of Wilson's argument, the statute does *not* state that the court "shall order" delivery of the documents upon a prisoner's request. Rather, it requires that the documents "*upon order of a court* shall be delivered." *Id.* (emphasis added). We see a significant difference. The statute plainly contemplates an exercise of discretion.

As to the second part, we recognize that the statute does not expressly require that a request be supported with reasons. We do not construe this statutory silence as ambiguity, however. Rather, a logical extension of our conclusion that a court exercise its discretion is that it be supplied with reasons upon which to base its determination. We hold that at a minimum, the requesting prisoner must show that he or she either never received or was denied access to the desired documents.

One purpose of the statute is to ensure that transcripts will be provided to prisoners in a timely fashion so that they may exercise their appeal rights if they so choose. *See* Judicial Council Committee Note, 1969, Wis. Stat. Ann. 973.08. Wilson already has sought post-conviction relief, taken an appeal, and currently is pursuing a writ of habeas corpus in federal court. Although Wilson now is proceeding *pro se,* we can only presume that either he or his past counsel already was provided with any necessary records. Wilson does not claim, nor has he shown, that the documents never were provided to him or his counsel. Likewise, he does not claim that he was denied access to them.

■

In addition, some of what Wilson seeks are transcripts from his John Doe hearing. Statutorily, a defen-

dant has a right to inspect and copy John Doe records before trial only. *See* secs. 968.26 and 971.23, Stats.

Since Wilson is not entitled to the records and has demonstrated no need for them, we conclude that the trial court did not abuse its discretion in denying his motion.

*By the Court.*—Order affirmed.