STATE of Wisconsin, Plaintiff-Respondent,

v.

Troy P. REAGLES, Defendant-Appellant.

Court of Appeals

*No. 92–2495–CR. Submitted on briefs May 6, 1993.—Decided May 13, 1993.*

(Also reported in 501 N.W.2d 861.)

For the defendant-appellant the cause was submitted on the briefs of *Ruth S. Downs*, assistant state public defender, of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *Scott L. Horne*, district attorney, of La Crosse.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

EICH, C.J.  Troy P. Reagles appeals from an order denying his postconviction motion seeking modi-

fication of his sentence. He argues that the trial court erred in imposing a county-jail term as a condition of probation to be served upon his release from prison and in imposing a three-year period of probation for misdemeanor theft.

Reagles has not persuaded us that the trial court lacked authority to order county-jail time as a condition of probation. We conclude, however, that the three-year probationary term exceeds the maximum allowed by statute for a misdemeanor conviction. We therefore affirm in part and reverse in part.

The facts are not in dispute. Reagles was convicted of three felonies — two counts of burglary and one count of violating the terms of his bond — and one count of misdemeanor theft. All charges save the bond violation were subject to repeater enhancement. He was sentenced to nine years in prison on one of the burglary counts and was placed on ten years probation on the other burglary and the bond violation charge, consecutive to the prison sentence. He was also placed on three years probation on the misdemeanor theft charge, to run concurrently with the prison sentence. However, the court ordered that, as a condition of the probation, Reagles serve sixty days in the county jail commencing upon his release from prison. He challenges that probationary term and condition on appeal.

Obviously, if Reagles serves the nine-year sentence to his mandatory release date, the three-year probationary term would have expired prior to his release. He argues, however, that he may be released early on discretionary parole, with conditions set by the Department of Corrections and the Parole Commission; and he maintains that if he should be so released, the court's imposition of the county jail sentence would "usurp" the parole authority reposed in those agencies.

171

Reagles first refers us to *State v. Gibbons*, 71 Wis. 2d 94, 237 N.W.2d 33 (1976), and similar cases holding that courts have no authority to place conditions on the sentence imposed with respect to specific education or medical treatment in the prison system. He then points to the trial court's assent to the prosecutor's remarks at sentencing that the purpose of the "add-on" jail time would be to ease Reagles's transition into the community after the prison sentence as indicating the court's "usurpation" of the department's parole decisionmaking authority.

We agree with Reagles that secs. 301.03(3) and 304.06, Stats., give the Department of Corrections and the Parole Commission the authority to administer the parole system, and that the department has adopted administrative rules implementing that authority — including a rule stating that, to be eligible for discretionary parole, an inmate must show, among other things, that he or she has developed "an adequate parole plan" and has "[r]eached a point at which, in the judgment of the board, discretionary parole would not pose an unreasonable risk to the public." We do not agree, however, that the court's action in this case in any way interferes with or "usurps" that authority.

We review conditions of probation "to determine their validity and reasonableness as measured by how well they serve to effectuate the objectives of probation," which are, of course, "rehabilitation and protection of the state and community." *State v. Monosso*, 103 Wis. 2d 368, 378, 308 N.W.2d 891, 896 (Ct. App. 1981), *cert. denied*, 456 U.S. 931 (1982). There is no suggestion in this case that the trial court's probation order violated that standard. Nor has Reagles offered any authority for his position that the add-on

jail time condition of probation is otherwise illegal or unauthorized.

The probation Reagles was ordered to serve was for misdemeanor theft — a conviction wholly separate and distinct from that for which he was sent to prison. It has nothing to do with the authority of the Department of Corrections or the Parole Commission to grant release on parole — discretionary or mandatory — from that sentence or to impose restrictions and conditions on Reagles's service of such parole. There is no doubt that the court may order county jail time as a condition of probation; and Reagles has not cited any authority requiring that jail time to be at the beginning of the probationary term, as opposed to any other time within the stated term. We see no error.

Reagles also argues that the trial court lacked authority to order a three-year probationary term for the misdemeanor theft conviction. It is a question of statutory construction, which we review independently. *State v. Szarkowitz*, 157 Wis. 2d 740, 748, 460 N.W.2d 819, 822 (Ct. App. 1990).

Section 973.09(2), Stats., governs the length of terms of probation. It provides as follows:

>    (2)   The original term of probation shall be:
>    (a) 1.   Except as provided in subd. 2, for misdemeanors, not less than 6 months nor more than 2 years.
>    2.   If the probationer is convicted of not less than 2 nor more than 4 misdemeanors at the same time, the maximum original term of probation may be increased by one year. If the probationer is convicted of 5 or more misdemeanors at the same time,

the maximum original term of probation may be increased by 2 years.

(b) 1. Except as provided in subd. 2, for felonies, not less than one year nor more than either the statutory maximum term of imprisonment for the crime or 3 years, whichever is greater.

2. If the probationer is convicted of 2 or more crimes, including at least one felony, at the same time, the maximum original term of probation may be increased by one year for each felony conviction.

Subdivision (2)(b)2 is the portion of the statute relied on by the state and the trial court as justifying the three-year probationary term for Reagles's misdemeanor theft conviction. Reagles contends that subdiv. (b)2 applies only to maximum probationary terms *for felonies, not misdemeanors* — that while the existence of a misdemeanor conviction may allow an increase in the probationary term for the felony conviction, "it does not provide for an increase in a probationary term for the misdemeanor conviction." As a result, he maintains that his maximum probationary term can only be two years under subdiv. (2)(a)1. We agree.

The primary purpose of statutory construction is to give effect to the legislature's intent, and our first resort is to the language of the statute. *State v. Rognrud*, 156 Wis. 2d 783, 787–88, 457 N.W.2d 573, 575 (Ct. App. 1990). And where that language is plain and unambiguous, the statute's plain meaning must be given effect. *Szarkowitz*, 157 Wis. 2d at 748, 460 N.W.2d at 822.

Paragraph (2)(a) of the statute plainly applies to the allowable maximum probationary term for misdemeanors. Paraphrased, it provides that the maximum probationary term "*for misdemeanors*" shall be two

years, except where the defendant is convicted of two or more misdemeanors at the same time. In the latter case, if the number of concurrent misdemeanor convictions is not less than two but not more than four, that maximum may be increased by one year — and if he or she is convicted of five or more misdemeanors at the same time, the maximum may be increased by two years.

Paragraph (2)(b) is equally plain in its application to felony convictions. It says, again paraphrased, that the maximum term of probation *"for felonies"* is either the statutory maximum prison sentence for the offense or three years, whichever is greater — except where the defendant "is convicted of 2 or more crimes, including at least one felony, at the same time . . . ." In the latter situation, the maximum term of probation "may be increased by one year for each felony conviction."

To construe subdiv. (2)(b)2 as authorizing the maximum term for a *misdemeanor* conviction to be increased by one year for each felony conviction that accompanies it would be to disregard the plain language of subdiv. (2)(b)1 indicating that the section relates to the maximum probationary terms "for felonies" and would thus contradict the plainly-expressed intention of the legislature. Statutes should, of course, be construed in a manner which will avoid a construction that makes a word or phrase superfluous. *Green Bay Broadcasting Co. v. Redevelopment Auth. of Green Bay*, 116 Wis. 2d 1, 19, 432 N.W.2d 27, 35 (1983), *modified on other grounds on reconsideration*, 119 Wis. 2d 251, 349 N.W.2d 478 (1984).

The state contends that such a construction leads to the absurd result that the probationary term of one

convicted of misdemeanor theft could be increased by one year if that person was also convicted of three other misdemeanors at the same time, but it would prohibit extending the term if he or she were convicted of the misdemeanor along with three felony charges. We agree with the state that statutes should be construed to avoid absurd or unreasonable results, *State v. Timm*, 163 Wis. 2d 894, 899, 472 N.W.2d 593, 595 (Ct. App. 1991); but we do not agree that the result we believe is compelled by the plain language of sec. 973.09(2), Stats., is either absurd or unreasonable.

Rather, we agree with Reagles that it is not unreasonable for the legislature to authorize an increase in a misdemeanant's probationary term if he or she is convicted of other misdemeanors at the same time, while not authorizing an increase in the term *for the misdemeanor conviction* if the defendant is convicted of one or more felonies at the same time. The probationary terms for any such felonies may be significantly increased under sec. 973.09(2)(b)2, Stats. Such a result may not be logically consistent if the underlying purpose of the statute is, as the state suggests, to allow an increased period of supervision for those "who need it most"; but we cannot say it is an absurd result.

Nor may we rewrite the statute to meet the state's desired construction. If a statute fails to cover a particular situation and the omission should be cured, the remedy lies with the legislature, not the courts. *State v. Richards*, 123 Wis. 2d 1, 12–13, 365 N.W.2d 7, 12 (1985). We conclude, therefore, that the three-year probationary term for Reagles's misdemeanor theft conviction exceeded the maximum allowable under sec. 973.09(2)(a), Stats.; and we remand to the trial court

for correction of the judgment of conviction and sentence on that charge.

*By the Court.*—Judgment affirmed; order affirmed in part and reversed in part.