STATE of Wisconsin, Plaintiff-Respondent,

v.

Joseph Allen HOPKINS, Defendant-Appellant.†

Court of Appeals

*No. 94–0537–CR. Submitted on briefs November 1, 1994.—Decided July 18, 1995.*

(Also reported in 538 N.W.2d 543.)

†Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Marla J. Stephens*, first assistant state public defender.

For the plaintiff-respondent the cause was submitted on the briefs of *James E. Doyle*, attorney general, and *Jerome S. Schmidt*, assistant attorney general.

Before Wedemeyer, P.J., Sullivan and Schudson, JJ.

SULLIVAN, J.   Joseph Allen Hopkins appeals from a judgment of conviction, upon a guilty plea, for attempted armed robbery,[1] and from an order denying his motion for postconviction relief. He presents this court with one issue for our review—whether a trial court has the authority to order restitution, pursuant to § 973.20, STATS.,[2] for a completed crime when the defendant only pleads guilty to an attempt of the crime.

---

[1] The judgment of conviction omits Hopkins's conviction for the attempt provision of § 939.32, STATS. Upon remittitur, we direct the trial court to correct the judgment of conviction to reflect Hopkins's conviction for both §§ 943.32(1)(a) and 939.32, STATS.

[2] The offense at issue in this case occurred in 1989. Accordingly, we apply the restitution statute in effect at that time. Section 973.20, STATS. (1987-88), provided, in relevant part:

> **Restitution (1)**   When imposing sentence or ordering probation for any crime, the court, in addition to any other penalty authorized by law, shall order the defendant to make full or partial restitution under this section to any victim of the crime or, if the victim is deceased, to his or her estate, unless the court finds substantial reason not to do so and states the reason on the record. Restitution ordered under this section is a condition of probation or parole served by the defendant for the crime. After the termination of probation or parole, or if the defendant is not placed on probation or parole, restitution ordered under this section is enforceable in a civil action by the victim named in the order to receive restitution or enforced under ch. 785.
>
> **(2)**   If the crime resulted in damage to or loss or destruction of property, the restitution order may require that the defendant:
>
> (a)   Return the property to the owner or owner's designee; or
>
> (b)   If return of the property under par. (a) is impossible, impractical or inadequate, pay the owner or owner's designee the reasonable repair or replacement cost or the greater of:
>
> 1.   The value of the property on the date of its damage, loss or destruction; or

38

We need not reach this issue because we conclude that Hopkins "constructively" stipulated to the restitution order, under § 973.20(13)(c), STATS., by failing to object

2. The value of the property on the date of sentencing, less the value of any part of the property returned, as of the date of its return. The value of retail merchandise shall be its retail value.

. . . .

**(5)** In any case, the restitution order may require that the defendant do one or more of the following:

(a) Pay all special damages, but not general damages, substantiated by evidence in the record, which could be recovered in a civil action against the defendant for his or her conduct in the commission of the crime.

(b) Pay an amount equal to the income lost, and reasonable out-of-pocket expenses incurred, by the person against whom the crime was committed resulting from the filing of charges or cooperating in the investigation and prosecution of the crime.

(c) Reimburse any person or agency for amounts paid as rewards for information leading to the apprehension or successful prosecution of the defendant for the crime.

(d) If justice so requires, reimburse any insurer, surety or other person who has compensated a victim for a loss otherwise compensable under this section.

. . . .

**(13)(a)** The court, in determining whether to order restitution and the amount thereof, shall consider all of the following:

1. The amount of loss suffered by any victim as a result of the crime.

2. The financial resources of the defendant.

3. The present and future earning ability of the defendant.

4. The needs and earning ability of the defendant's dependents.

5. Any other factors which the court deems appropriate.

(b) The district attorney shall attempt to obtain from the victim prior to sentencing information pertaining to the factor specified in par. (a)1. Law enforcement agencies, the department of health and social services and any agency providing services under ch. 950 shall extend full cooperation and assistance to the district attorney in discharging this responsibility. The department of justice shall provide technical assistance to district attorneys in this regard and develop model forms and procedures for collecting and documenting this information.

39

to it at the time of its entry at sentencing. Accordingly, we affirm.

The State filed a criminal complaint alleging that on the night of March 12, 1989, Hopkins robbed Brian Vukovich as he left the Upper Crust restaurant in the City of Wauwatosa. According to the complaint, Vukovich, who was employed at the Upper Crust, exited the rear of the restaurant carrying approximately $800 in currency and personal checks—the restaurant's receipts for the night—in his jacket pocket. As Vukovich proceeded to his car, an individual attacked him, striking him in the face and head. Vukovich stated that the individual eventually pulled his (Vukovich's) jacket over his head, and that after Vukovich slipped out of his jacket, the thief ran off with it. Six days later, Vukovich identified Hopkins as the assailant out of a six-person photographic array.

Originally, the district attorney's office filed an information charging Hopkins with robbery, contrary to § 943.32(1)(a), STATS. Pursuant to plea negotiations with the State, however, Hopkins instead pleaded guilty to attempted robbery. See §§ 943.32(1)(a) and 939.32, STATS. During the plea proceedings, the trial court queried Hopkins about the circumstances surrounding the offense. Hopkins stated that he "attempted to rob" Vukovich, but "couldn't find the

(c) The court, before imposing sentence or ordering probation, shall inquire of the district attorney regarding the amount of restitution, if any, that the victim claims. The court shall give the defendant the opportunity to stipulate to the restitution claimed by the victim and to present evidence and arguments on the factors specified in par. (a). If the defendant stipulates to the restitution claimed by the victim or if any restitution dispute can be fairly heard at the sentencing proceeding, the court shall determine the amount of restitution before imposing sentence or ordering probation.

40

money." Further, he stated that he "never took anything from" Vukovich, although he admitted that if he had found any money, he would have stolen it. Hopkins's counsel then stipulated to the criminal complaint, as modified by Hopkins's statements, as the factual basis for Hopkins's guilty plea. The trial court accepted the plea but adjourned the sentencing to obtain a presentence investigation report.

The presentence investigation report indicated that Vukovich sought $100 in restitution for his jacket, and that the Upper Crust's management sought $815.71 for the lost restaurant receipts. The report also stated that Hopkins denied that he had taken any money or the jacket.

At sentencing, neither the State nor Hopkins mentioned restitution. Nonetheless, when the trial court sentenced Hopkins to three years incarceration, it also ordered Hopkins to pay $915.71 in restitution to Vukovich and the Upper Crust. Hopkins did not object to the restitution and the trial court entered the judgment of conviction.

Later, Hopkins filed a postconviction motion seeking to vacate the restitution order. He argued that the trial court lacked the authority under § 973.20, STATS., to order restitution for a completed robbery, when he only pleaded guilty to an attempted robbery. The trial court denied the postconviction motion and Hopkins appealed.

Resolution of this appeal requires us to apply the relevant provisions of § 973.20, STATS., to the undisputed facts of this case. Consequently, this presents a legal issue that this court reviews *de novo. See State v. Wagner*, 191 Wis. 2d 322, 328, 528 N.W.2d 85, 87 (Ct. App. 1995).

Section 973.20(1), STATS., provides that a trial court "shall order the defendant to make full or partial restitution under this section to any victim of the crime," when imposing a sentence or probation for any crime. Section 973.20(13)(c), STATS., provides in part:

> (c) The court, before imposing sentence or ordering probation, shall inquire of the district attorney regarding the amount of restitution, if any, that the victim claims. The court shall give the defendant the opportunity to stipulate to the restitution claimed by the victim and to present evidence and arguments on the factors specified in par. (a). *If the defendant stipulates to the restitution claimed by the victim or if any restitution dispute can be fairly heard at the sentencing proceeding, the court shall determine the amount of restitution before imposing sentence or ordering probation.*

(Emphasis added.)

"The use of the word 'stipulate' in [§ ] 973.20(13)(c) does not imply a requirement of a formal written stipulation, signed by the defendant, as to the amount of restitution claimed." *State v. Szarkowicz,* 157 Wis. 2d 740, 749, 460 N.W.2d 819, 822 (Ct. App. 1990). Indeed:

> [I]n the absence of any objection to amounts claimed on a court-ordered restitution summary accompanying a presentence investigation, where a defendant has been given notice of the contents of that report and summary, the trial court is entitled to proceed on the understanding that the claimed amount is not in dispute, and so order restitution under [§ ] 973.20(13)(3).

*Id.; see State v. Cleaves,* 181 Wis. 2d 73, 79-80, 510 N.W.2d 143, 146 (Ct. App. 1993) (discussing *inter alia*

42

defendant's failure to object to prosecutor's references to restitution amounts at sentencing as a basis for "stipulation" under § 973.20(13)(c)).

In the present case, at the time Hopkins entered his guilty plea, he stated that he "attempted to rob" Vukovich, "but couldn't find the money" and that he "never took anything from" Vukovich. Further, in his portion of the restitution summary of the presentence investigation report, Hopkins denied taking either Vukovich's jacket, or the money. Hopkins now argues on appeal that these denials constitute an objection to the restitution order that precluded the trial court from entering it. In essence he is arguing that he did not stipulate to the restitution order pursuant to § 973.20(13)(c). We disagree.

Although prior to sentencing Hopkins repeatedly denied that he took either Vukovich's jacket or the restaurant's money, at the time of sentencing he objected neither to the contents of the presentence investigation report, including the restitution summary, nor to the restitution award when the trial court imposed it.[3] Upon this record, the sentencing court could clearly presume that, in the absence of any specific objection on the record, it could "proceed on the understanding that the claimed amount [was] not in dispute," and thereby enter the restitution order pursuant to § 973.20(13)(c). *See Szarkowicz,* 157 Wis. 2d at 749, 460 N.W.2d at 822.

At the time of sentencing, Hopkins was fully aware of the amount of restitution in the presentence investi-

---

[3] Hopkins did make several corrections to the factual summary of the presentence investigation report; however, none of these changes involved the restitution summary for the attempted robbery.

43

gation report, and thereby received notice. *Id.* He made no effort to controvert it. His failure to contest the issue at sentencing constituted a "constructive" stipulation to the restitution order. Accordingly, we hold that, in the absence of a defendant's specific objection at the time restitution is ordered, the trial court may proceed with the understanding that the defendant's silence is a "constructive" stipulation to the restitution order, including its amount.

*By the Court.*—Judgment and order affirmed.