STATE of Wisconsin, Plaintiff-Respondent,

v.

Scott FOLEY, Defendant-Appellant.

Court of Appeals

*No. 89-0439-CR. Submitted on briefs October 12, 1989.—Decided December 21, 1989.*

(Also reported in 451 N.W.2d 796.)

For the defendant-appellant the cause was submitted on the briefs of *Wyngaard and Wilson,* by *John C. Albert,* of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *David J. Becker,* assistant attorney general.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

GARTZKE, P.J.   Scott Foley appeals from an order denying a motion for substitution of judge and from an order requiring him to pay $600 per month restitution as a condition of probation. This is his second appeal. In his first appeal we held that the trial court's failure to show on the record that it had considered Foley's financial resources and his ability to pay when setting $600 per month restitution was an abuse of discretion. *State v. Foley,* 142 Wis. 2d 331, 346–47, 417 N.W.2d 920, 927–28 (Ct. App. 1987) *(Foley I).* We reversed the order and remanded for further proceedings.

On remand Foley requested a substitution of judge under sec. 971.20(7), Stats., which provides:

> If an appellate court orders a new trial or sentencing proceeding, a request [for substitution] under this section may be filed within 20 days after the filing of the remittitur by the appellate court, whether or not a request for substitution was made prior to the time the appeal was taken.

The trial court denied the request, took evidence and entered the order now appealed from, again setting $600 per month restitution.

The first issue is whether our remand in *Foley I* was for a sentencing proceeding, no new trial being involved. If it was, the trial court should have granted the request for substitution. If it was not, the second issue is

750

whether the trial court again abused its discretion when setting restitution.

We conclude that because restitution was ordered as a condition of probation, and because probation is not part of sentencing, we did not remand for a sentencing proceeding. For that reason, Foley was not entitled to substitution. We also conclude that the trial court did not abuse its discretion. We therefore affirm the order.

Section 971.20(7), Stats., does not define "sentencing proceeding." Foley contends that a restitution hearing mandated by an appellate court is a "new . . . sentencing proceeding," within the meaning of the statute. He quotes our statement in *Foley I* that "[p]robation is part of the sentencing process. More precisely, probation is not a sentence, but an alternative to sentencing." *Foley I* at 342, 417 N.W.2d at 926. He argues that restitution is ordered as a condition of his probation, and because probation is a part of sentencing, a hearing concerning restitution is part of a sentencing proceeding.

The state notes, however, that the supreme court has said that "probation is not a sentence, but rather, is an alternative to sentencing," *Garski v. State,* 75 Wis. 2d 62, 69, 248 N.W.2d 425, 429 (1977), and that "probation and sentence are different concepts." *Prue v. State,* 63 Wis. 2d 109, 116, 216 N.W.2d 43, 46 (1974). The state contends that probation accompanied by a restitution order is not a sentence and therefore a restitution hearing is not a sentencing proceeding.

In 1981, sec. 971.20(7), Stats., was amended to its present form so as to allow a substitution request to be made upon appellate remand for new sentencing proceedings. Wis. Stat. Ann. sec. 971.20 comment at 392 (West 1985). But four years before that amendment, the

751

supreme court said in *Garski* and even earlier in *Prue* that probation is not a sentence.

Legislation is presumed to employ terminology consistent with that used by the courts. *Jorgenson v. Chicago & N.W.R. Co.,* 153 Wis. 108, 116, 140 N.W. 1088, 1091-92 (1913). Section 990.01(1), Stats., provides that words and phrases "that have a peculiar meaning in the law shall be construed according to such meaning." We are satisfied that when the legislature amended the substitution procedure it intended no change in the nature of a sentencing proceeding.

We conclude that the trial court did not err when it denied the request for substitution after our remand in *Foley I* for further proceedings concerning restitution as a condition for probation. We affirm its order. We turn to the question whether the trial court abused its discretion when setting restitution.

Setting restitution as a condition for probation is discretionary. We review a discretionary decision to determine whether discretion has been abused. The trial court properly exercises its discretion if it examines the relevant facts, applies a proper standard of law, and, using a demonstrated rational process, reaches a conclusion that a reasonable judge could reach. *Loy v. Bunderson,* 107 Wis. 2d 400, 414-15, 320 N.W.2d 175, 184 (1982).

In *Foley I* we applied sec. 973.09(1m)(a), Stats. 1985, which provided in part: "In determining the amount and method of payment of restitution, the court shall consider the financial resources and future ability of the probationer to pay." That statute was repealed and recreated by secs. 36 and 43, 1987 Wis. Act 398 as part of sec. 973.20(13)(a), Stats., which provides:

752

The court, in determining whether to order restitution and the amount thereof, shall consider all of the following:

1. The amount of loss suffered by any victim as a result of the crime.

2. The financial resources of the defendant.

3. The present and future earning ability of the defendant.

4. The needs and earning ability of the defendant's dependents.

5. Any other factors which the court deems appropriate.

The hearing on remand was held on June 1, 1988. After hearing evidence, the trial court made extensive findings on each element mandated by sec. 973.20(13)(a), Stats. It found that the victim's loss was $49,032.44. It set the number of monthly payments at eighty-one. Foley notes that the victim's loss divided by eighty-one is about $605 and the court set restitution at $600 per month. He suggests that the court simply considered the amount of loss in setting the monthly payments and not the other statutory factors. That is not the case.

The trial court found that Foley was earning $14.00 per hour in his current job and was working forty to forty-five hours per week. It determined that his monthly income was $2,424.80, based upon that wage and a forty-hour average work week. Foley disagrees, claiming that his work has varied seasonally. However, Foley's probation officer testified that in the prior ten months Foley had not worked less than forty hours per week according to forms Foley submitted. The court's income calculation was reasonable.

Foley argues that the trial court should have based its income calculations on after-tax rather than pre-tax

income. That may be so, but taxes were not included in his monthly expense sheet. Nor did he raise the issue below. We will not overturn a discretionary determination on a ground not brought to the attention of the trial court. *State v. Fischer,* 147 Wis. 2d 694, 703, 433 N.W.2d 647, 651 (Ct. App. 1988).

The trial court made findings with respect to the monthly expense sheet Foley submitted. It concluded that certain expenses were reasonable, and others not. Some expenses were attributed to his wife, who earned $10,367 in 1987. The monthly expenses found to be reasonable total $1437, according to our calculations.

The trial court disallowed expenses totalling $656. The court attributed a $100 credit card payment to Foley's wife, in whose name the card was held. It did the same concerning $295 for an automobile she leased. It found a $62 vacation plan payment was unreasonable and Foley's $199 truck expense was also unreasonable.

The trial court's attribution of certain expenses to Foley's wife is reasonable. She has an annual income of approximately $10,000. No expense sheet was submitted by Foley concerning her expenses.

Exclusion of the vacation plan payments is reasonable. Some financial discomfort is consistent with the rehabilitative goal of probation and restitution. *State v. Jackson,* 128 Wis. 2d 356, 363, 382 N.W.2d 429, 432 (1986).

Even if the truck expense should have been allowed, Foley's budget permits a $600 per month restitution payment. We conclude that the trial court considered the

appropriate law and facts of record in setting $600 per month restitution. We therefore affirm its order.

*By the Court.*—Orders affirmed.