STATE of Wisconsin, Plaintiff-Respondent,

v.

Charles KENNEDY, Defendant-Appellant.†

Court of Appeals

*Nos. 94–0311–CR, 94–1059–CR. Submitted on briefs October 17, 1994.—Decided December 14, 1994.*

(Also reported in 528 N.W.2d 9.)

†Petition to review dismissed.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Elizabeth E. Stephens*, assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Paul Lundsten*, assistant attorney general.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

SNYDER, J. Charles Kennedy was convicted of being party to numerous crimes all arising out of the theft of a 1972 AMC Javelin. On appeal, Kennedy argues that the trial court misused its discretion when it imposed restitution for repair costs that were impracticable and for a total amount greater than the value of the vehicle as determined by the jury. We hold

that restitution is not limited by a jury's determination of the value of the stolen property for purposes of the criminal charge. Because we also conclude that the trial court properly exercised its discretion in imposing restitution, we affirm.

This matter is presented to us for the second time; therefore, we briefly summarize the relevant facts.[1] Armando Covelli and his son had been restoring a 1972 AMC Javelin which they kept at a local gas station. Without Covelli's knowledge or consent, someone had the Javelin towed to Kennedy's residence, where Kennedy stripped the Javelin of all of its parts, including the engine. Kennedy then had the remaining frame towed to a salvage yard in Illinois. However, police acting on a tip obtained a search warrant for Kennedy's residence and found the Javelin's parts scattered throughout the premises.

After a three-day trial, the jury found Kennedy guilty of several counts, including party to the crime of theft contrary to §§ 943.20(1)(a) and 939.05, STATS.[2] The jury determined the vehicle to be worth over $500 but less than $2500. In addition to an imposed and stayed sentence and six years probation, the trial court ordered Kennedy to pay Covelli restitution of $5309, the amount recommended by the State and allegedly lost by Covelli.

Kennedy appealed both his conviction and the amount of restitution. This court affirmed the convic-

---

[1] See generally State v. Kennedy, No. 92-2004-CR, unpublished slip op. (Wis. Ct. App. April 21, 1993).

[2] In addition to theft, the jury found Kennedy guilty of one count of party to the crime of concealing the property contrary to §§ 943.34(1)(c) and 939.05, STATS., and five counts of party to the crime of removing various parts of the automobile contrary to §§ 943.23(5) and 939.05, STATS.

tion but reversed the restitution portion of the judgment and remanded the case for a determination of restitution in accordance with § 973.20(13)(a), STATS. *State v. Kennedy*, No. 92-2004-CR, unpublished slip op. at 5 (Wis. Ct. App. April 21, 1993). On remand, after an evidentiary hearing, the trial court ordered the same restitution amount which the State had initially recommended. Kennedy appeals the restitution order and amended judgment of conviction.[3]

Sentencing is left to the discretion of the trial court, and appellate review is limited to determining whether there was a misuse of discretion in sentencing. *State v. Harris*, 119 Wis. 2d 612, 622, 350 N.W.2d 633, 638 (1984). The trial court is afforded the presumption that it acted reasonably based on the strong public policy against interference with sentencing discretion. *Id.* A trial court misuses its discretion when it fails to articulate the basis for the sentence imposed on the facts of record or exercises its discretion based on irrelevant or improper factors. *McCleary v. State*, 49 Wis. 2d 263, 277-78, 182 N.W.2d 512, 520 (1971).

The primary factors that the trial court must consider in imposing sentence are: (1) the gravity of the offense, (2) the character and rehabilitation needs of the offender, and (3) the need for protection of the public. *State v. Sarabia*, 118 Wis. 2d 655, 673, 348 N.W.2d 527, 537 (1984). Restitution is an important element of the offender's rehabilitation because it may serve to

[3] Kennedy initially commenced this appeal by a notice of appeal dated January 31, 1994. He filed an amended notice of appeal dated April 28, 1994, in an attempt to supplement the record, which generated another appeal number. The cases were consolidated by order dated April 29, 1994.

strengthen his or her sense of responsibility and teach the offender to consider more carefully the consequences of his or her actions. *Huggett v. State*, 83 Wis. 2d 790, 798, 266 N.W.2d 403, 407 (1978). The restitution statute, § 973.20, STATS., reflects a strong equitable public policy that victims should not have to bear the burden of losses if the defendant is capable of making restitution. *State v. Dziuba*, 148 Wis. 2d 108, 112-13, 435 N.W.2d 258, 260 (1989).

With these general principles in mind, we address Kennedy's appellate arguments. Kennedy first contends that the trial court erred in imposing restitution in an amount that exceeded the jury's determination that the car was worth between $500 and $2500. Kennedy asserts that the jury's determination of the value of the car for purposes of the criminal charge is binding on the court in its consideration of restitution. We disagree.

Kennedy's argument erroneously equates the jury's criminal verdict with the judge's restitution order in the context of sentencing. First, as the State correctly identifies, the burden of proof differs between a criminal verdict and a restitution order: a jury must determine the value of an item "beyond a reasonable doubt," whereas a sentencing judge determining the amount of loss sustained by a victim must be persuaded by a "preponderance of the evidence." Section 973.20(14)(a), STATS. Second, for purposes of the theft charge here, the jury was asked to determine the market value of the property at the time of the theft or the replacement cost, whichever was less. *See* WIS J I—CRIMINAL 1441A. In contrast, a judge determining restitution for property crimes has the discretion to require the defendant to: (1) return the property, (2)

258

pay the reasonable repair cost, (3) pay the reasonable replacement cost, or (4) pay the value of the property on the date of its loss or the value of the property on the date of sentencing less the value of any part returned, whichever is greater. Section 973.20(2).

Kennedy's argument that restitution is limited by a jury's determination of the value of stolen property eliminates the sentencing judge's discretion and ignores legitimate sentencing factors, such as the rehabilitative component of restitution. We rejected a similar argument in *State v. Foley*, 142 Wis. 2d 331, 417 N.W.2d 920 (Ct. App. 1987). In *Foley*, the defendant argued that he was denied his right to trial by jury when the trial court imposed restitution in an amount greater than the damages determined by the jury. We held that such an argument:

> assumes that the trial court could not (without invading the province of the jury) determine restitution in an amount exceeding his misappropriations as found by the jury. . . . There is no constitutional right in a convicted defendant to have a jury determine the restitution required as a condition of probation. The determination of that amount is in the discretion of the trial court, subject to [the restitution statute].

*Id.* at 342-43, 417 N.W.2d at 926. The same result applies here: the determination of restitution is within the discretion of the trial court, subject to § 973.20, STATS., and is not constrained by the jury's criminal verdict.

Kennedy also argues that the trial court misused its discretion because it imposed restitution based on its determination of the reasonable costs necessary to repair the vehicle to the condition it was in prior to

being stolen. Kennedy asserts that because the cost of repairing the vehicle in such a manner exceeds its fair market value, repair is impracticable, and therefore the restitution order violates § 973.20(2), STATS. We disagree.

Section 973.20, STATS., gives a sentencing judge a wide range of alternatives, the purpose of which is to permit the judge to fashion the appropriate punishment to fit the crime. *State v. Boffer*, 158 Wis. 2d 655, 662, 462 N.W.2d 906, 909 (Ct. App. 1990). In this case, the sentencing judge selected what it determined to be the "reasonable repair or replacement cost" as restitution, which it is expressly authorized to do under § 973.20(2)(b).[4] Nowhere does the statute limit repair or replacement costs to the fair market value of the property at the time it was stolen as argued by Kennedy; that is but one choice available to the sentencing court in its discretion. *See* § 973.20(2)(b)1, 2.

Placing a limit on repair costs equal to the fair market value of the item repaired eliminates the trial court's discretion to consider unique facts such as those in the present case and fashion an appropriate sen-

---

[4] Section 973.20(2), STATS., states in relevant part:

If the crime resulted in damage to or loss or destruction of property, the restitution order may require that the defendant:
 (a) Return the property to the owner or owner's designee; or
 (b) If return of the property under par. (a) is impossible, impracticable or inadequate, pay the owner or owner's designee the reasonable repair or replacement cost or the greater of:
 1. The value of the property on the date of its damage, loss or destruction; or
 2. The value of the property on the date of sentencing, less the value of any part of the property returned, as of the date of its return.

tence. Here, Covelli and his son worked over two hundred hours restoring their car. Kennedy effectively deprived Covelli of the fruits of this labor, plus loss of future opportunity to complete restoration. Although requiring a defendant to pay repair costs greater than the fair market value of the property may not be appropriate in every case, a sentencing court must have the discretion to consider unique factual circumstances and the rehabilitative component of restitution in order to further the goals of sentencing.

The only question to be determined, therefore, is whether the trial court misused its discretion in its determination that the reasonable repair or replacement cost of the vehicle was $5309. At the hearing, Covelli testified that he would have required $7000 to sell the car at the time it was stolen. He further testified and provided substantial documentation that he paid $2080 to restore the body, $2329 for parts, and $900 to originally purchase the car and various interior items, for a total of $5309. This figure did not include any amount for labor. Kennedy's expert testified that the car was worth approximately $1000 to $1200 at the time it was stolen and that it could cost up to $10,000 to fully restore the vehicle, although spending such sums would be imprudent because that would exceed the market value of the car.

In reaching its decision, the trial court acknowledged Kennedy's expert testimony as to the value of the car, but concluded under the facts and circumstances that the reasonable costs of repairing the car to its pretheft condition was the appropriate restitution. The court noted that while $10,000 certainly would not be reasonable, Covelli's request of $5309 was reasonable. We therefore conclude that the trial court properly

exercised its discretion because it examined the relevant facts, applied the proper legal standard and reached a conclusion that a reasonable judge could reach. *See State v. Foley*, 153 Wis. 2d 748, 752, 451 N.W.2d 796, 797-98 (Ct. App. 1989). Accordingly, we affirm the trial court's restitution order and amended judgment incorporating the order.

*By the Court.*—Judgment and order affirmed.