STATE of Wisconsin, Plaintiff-Respondent,

v.

Chad J. KNOLL, Defendant-Appellant.†

Court of Appeals

No. 99–1808–CR. Submitted on briefs January 11, 2000.—Decided May 11, 2000.

# 2000 WI App 135

(Also reported in 614 N.W.2d 20.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Jay M. Langkamp* of *Kalal & Associates* of Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Thomas J. Balistreri*, assistant attorney general.

Before Vergeront, Roggensack and Deininger, JJ.

¶ 1. ROGGENSACK, J.   Chad J. Knoll appeals a judgment of the circuit court directing him to pay $7,980 in restitution to Robert Foust, who was injured in an accident Knoll caused by operating a motor vehicle while under the influence of an intoxicant contrary to WIS. STAT. § 346.63(2)(a)1 (1997–98).[1] Knoll argues that Foust is not entitled to restitution because: (1) Foust was a party to the crime; and therefore, he cannot be a victim; and (2) Foust was contributorily negligent. Because we conclude that Foust was not a party to the crime and that Knoll may not raise contributory negligence as a defense in a restitution proceeding, we affirm the judgment of the circuit court.

## BACKGROUND

¶ 2.   The relevant facts are not in dispute. In August of 1997, between 2:00 and 3:00 p.m., Chad Knoll, Robert Foust, and Mark Haase decided to drive from a work site to pick up their paychecks. The three got into Haase's truck, and while on the way to their

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

employer's office, Haase purchased a six-pack of beer. All three men drank the beer while Haase was driving. When they finished the first six-pack, Foust purchased a second six-pack, which they also drank. A short time later they purchased a third six-pack, some of which they also consumed. The drive to their employer took about one and one-half hours.

¶ 3. After picking up their paychecks, Knoll, Foust and Haase went to a tavern in Jackson. While there, Haase drank at least ten beers and one shot. Foust could not remember exactly how many beers he consumed, but he testified that he drank "[q]uite a bit." Knoll testified that he drank at least eight additional beers at the tavern.

¶ 4. When they left the tavern, at approximately 6:45 p.m., Knoll drove. On the drive home to Beaver Dam, Foust asked Knoll to pull over because he was driving very fast and weaving in and out of traffic. Knoll refused. Foust then fell asleep. While Foust was sleeping, Knoll hit a tree and all three men were injured. Knoll was charged with, and convicted of, a violation of WIS. STAT. § 346.63(2)(a)1.

¶ 5. After his conviction, a restitution hearing was held. At that hearing, Haase testified that he had three prior drunk driving convictions, which taught him to let someone else drive and "let them risk the drunk driving" conviction. The circuit court held that Haase was not entitled to restitution because he asked Knoll to drive and gave him the keys, after providing significant amounts of alcohol to him. The court held that there were substantial reasons not to award restitution to Haase. That decision has not been appealed.

¶ 6. With respect to Foust, the court reasoned that Foust was partly responsible for his own injuries in that he rode with someone whom he knew had been

drinking for several hours. The court also found that Knoll had a limited ability to pay restitution within the three years of his probation. Therefore, it awarded Foust partial restitution. Knoll appeals.[2]

## DISCUSSION

### Standard of Review.

¶ 7.   We independently determine whether the circuit court had authority to order restitution, given a particular set of facts. *See State v. Walters*, 224 Wis. 2d 897, 901, 591 N.W.2d 874, 875 (Ct. App. 1999). Additionally, whether one is a party to the crime of driving while intoxicated and whether a particular defense may be raised in a restitution proceeding, involve questions of law which we review *de novo. See State v. Howard-Hastings*, 218 Wis. 2d 152, 154–55, 579 N.W.2d 290, 290 (Ct. App. 1998); *Walters*, 224 Wis. 2d at 901, 591 N.W.2d at 875–76.

### Party to the Crime.

¶ 8.   Knoll contends that Foust is not entitled to restitution because he was a party to the crime of driving while intoxicated; and therefore, he cannot be a "victim" entitled to restitution under WIS. STAT. § 973.20. A person may be charged as a party to the crime if he or she directly commits the offense, or intentionally aids and abets its commission, or conspires with another to commit it. *See* WIS. STAT. § 939.05(2); *State v. Simplot*, 180 Wis. 2d 383, 401, 509 N.W.2d 338,

---

[2] Originally this was a one-judge appeal. However, on August 4, 1999, we granted Knoll's motion for a three-judge panel.

344–45 (Ct. App. 1993). Knoll argues that Foust is a party to the crime of driving while intoxicated because he aided and abetted Knoll's commission of that offense. To prove aiding and abetting, one must provide evidence that the aider: (1) undertook conduct (either verbal or by overt action) which as a matter of objective fact aided another in the execution of a crime; and (2) consciously desired or intended that the conduct would yield such assistance. *See Simplot*, 180 Wis. 2d at 401–02, 509 N.W.2d at 345 (citation omitted).

¶ 9.   It is a violation of WIS. STAT. § 346.63 to operate a motor vehicle while under the influence of an intoxicant. *See State v. McAllister*, 107 Wis. 2d 532, 535, 319 N.W.2d 865, 867 (1982). Knoll alleges that Foust aided and abetted him in violating that statute because Foust bought one of the six-packs that was consumed while they were driving to the tavern in Jackson.

¶ 10.   While that fact is undisputed, we note there is no evidence: (1) that Knoll's intoxication resulted from the consumption of those beers purchased by Foust, which consumption had occurred more than three hours before the accident; (2) that Knoll intended to drive after drinking the beers purchased by Foust, especially since all of the men were then riding in Haase's truck which Haase was driving; (3) that Foust encouraged Knoll to drink the beers he purchased for the purpose of later driving while intoxicated; or (4) that Foust was aware that Knoll would drive later that evening. Furthermore, the crime of which Knoll was convicted involved operating a motor vehicle while intoxicated. The crime was not consuming alcohol. It was not the buying of a six-pack of beer which caused the injuries for which the State seeks restitution. It was Foust's voluntarily choosing to drink until he was

intoxicated, and then choosing to get behind the wheel of a motor vehicle, which caused those damages.
■

¶ 11. Because Knoll has not established either that Foust undertook conduct to aid Knoll in operating a motor vehicle while intoxicated or that Foust intended his conduct to help Knoll drive while impaired, we reject Knoll's assertion that Foust aided and abetted his driving while intoxicated. Therefore, we conclude that Knoll's contention that Foust was not a victim because he was a party to the crime of driving while intoxicated is without merit.

**Contributory Negligence.**

¶ 12. Knoll also argues that even if Foust was not a party to the crime, he was contributorily negligent for his injuries; and therefore, he cannot seek statutory restitution or must seek it at a "greatly reduced" amount. Restitution is directed by WIS. STAT. § 973.20(1r) which provides in relevant part that:

> the court, in addition to any other penalty author-ized by law, shall order the defendant to make full or partial restitution under this section to any vic-tim of a crime considered at sentencing . . . unless the court finds substantial reason not to do so and states the reason on the record.

Additionally, § 973.20(14)(b) provides that "[t]he defen-dant may assert any defense that he or she could raise in a civil action for the loss sought to be compensated."

¶ 13. The supreme court interpreted WIS. STAT. § 973.20(14)(b) in *State v. Sweat*, 208 Wis. 2d 409, 561 N.W.2d 695 (1997). There, the court addressed whether § 973.20(14)(b) allows a defendant to assert the civil, rather than the criminal, statute of limitations to bar.

individual crime victims' claims for restitution. *See Sweat*, 208 Wis. 2d at 411–12, 561 N.W.2d at 696. Based on the placement of the phrase, "any defense," in the statute, the overall purpose of restitution, and the directional, if not mandatory, nature of restitution, the supreme court concluded that § 973.20(14)(b) does not permit a defendant to "raise, after conviction, civil defenses to liability for financial loss"; rather, the defenses relate solely to the amount of restitution that can be ordered. *See Sweat*, 208 Wis. 2d at 427, 561 N.W.2d at 702. In explaining its conclusion, the court reasoned that:

> a defendant should be able to raise substantive defenses, such as mitigation, set-off, or accord and satisfaction, which go to the measure or amount of total restitution. *However, other civil defenses available in a civil action, such as contributory negligence, lack of jurisdiction, or lack of capacity to sue or be sued simply do not make sense in a restitution hearing.* Neither does the application of a civil statute of limitations in a restitution proceeding after a defendant has been convicted of a criminal offense. Both the legislative history and the goals of restitution support this result.

*Id.* at 424, 561 N.W.2d at 701 (emphasis added) (footnote omitted).

¶ 14.   Two years later, we decided *Walters*. There, Walters argued that a release signed by a victim in exchange for an insurance payment was an accord and satisfaction; and therefore, Walters had a complete defense to restitution. We recognized that the supreme court in *Sweat* stated in *dictum* that accord and satisfaction could be raised as a defense in a restitution proceeding. *See Walters*, 224 Wis. 2d at 904, 591 N.W.2d at 877. However, we were mindful of the

supreme court's reasoning in *Sweat* and the context in which the quoted statement was made. *See id.* We determined that,

> "[t]he basic premise that drives the decision in *Sweat* is that restitution in criminal cases is not a claim which a defendant owns, as a civil [claim] is. It is a remedy that belongs to the State. Because of that difference, civil defenses which could be used as a complete bar to a subsequent civil action do not preclude a restitution order in a criminal proceeding."

*See id.* at 904–05, 591 N.W.2d at 872 (footnote omitted). Furthermore, while the supreme court in *Sweat* acknowledged the goal of compensating the victim, the court also grounded its decision in the penal goals of the State (such as rehabilitation, punishment and deterrence). *See id.* at 905, 591 N.W.2d at 872. Accordingly, we held in *Walters* that the defense of accord and satisfaction did not prevent the circuit court from ordering restitution because restitution served an important function of the penal system and there had been no proof provided about what amount of the payment made was for the victim's special damages. *See id.* at 908–09, 591 N.W.2d at 878–79.

¶ 15.   Knoll relies on *Walters* to argue: (1) that the supreme court's statement in *Sweat*, that the defense of contributory negligence is not available in a restitution proceeding, is *dictum*, and (2) because contributory negligence is not a complete bar to recovery, it should be available at a restitution hearing. We are unpersuaded by Knoll's argument for at least two reasons.

¶ 16.   First, the basic premise that underlies both *Sweat* and *Walters* undermines Knoll's argument. Res-

titution is not a claim that is owned by an individual but a remedy of the State. *See id.* at 904, 591 N.W.2d at 872. One of its primary purposes is to rehabilitate a defendant. *See State v. Foley,* 142 Wis. 2d 331, 338, 417 N.W.2d 920, 924 (Ct. App. 1987). Rehabilitation is furthered by requiring those convicted of crimes to take responsibility for the consequences of their actions. *See id.* at 339, 417 N.W.2d at 924 (citing *Huggett v. State,* 83 Wis. 2d 790, 798–99, 266 N.W.2d 403, 407 (1978)). To allow a defendant who has already been convicted of a crime to focus on the action of a victim to avoid restitution defeats this purpose because it permits him to evade responsibility for his own actions. The supreme court's statement in *Sweat* that a defendant could not raise contributory negligence as a defense, while not essential to its decision, is consistent with the mandatory nature of restitution and its goals of rehabilitation and punishment, as well as those of compensating the victim.

¶ 17. Second, bringing the issue of contributory negligence into a restitution proceeding, which by its nature is informal and not a full-blown civil trial, is inconsistent with the nature of the proceedings. *See State v. Madlock,* 230 Wis. 2d 324, 335, 602 N.W.2d 104, 110 (Ct. App. 1999) (citations omitted). If permitted, it would involve the State in what could be an extended civil proceeding which is not envisioned by WIS. STAT. § 973.20 and would defeat the informal nature of the proceedings. Therefore, we conclude that Knoll may not raise Foust's contributory negligence as a defense to restitution.

## CONCLUSION

¶ 18.   We conclude that Foust was not a party to the crime of driving while intoxicated and that Knoll may not raise contributory negligence as a defense to restitution. Accordingly, we affirm the judgment of the circuit court.

*By the Court.*—Judgment affirmed.