COURT OF APPEALS
DECISION
DATED AND FILED

December 23, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos.    2023AP1592-CR
2023AP1593-CR**

Cir. Ct. Nos.  2018CF925
2019CF236

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

DAVID T. WAITS,

DEFENDANT-APPELLANT.

APPEALS from judgments and an order of the circuit court for Marathon County: LAMONT K. JACOBSON, Judge. *Affirmed.*

¶1    GILL, J.[1]    In these consolidated appeals, David T. Waits appeals judgments convicting him of a hit and run, bail jumping, and resisting or

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

obstructing an officer—all as a repeater. He also appeals an order denying his postconviction motion. For the reasons given below, we affirm the judgments and order.

## BACKGROUND

¶2     In May 2022, Waits pled no contest to a hit and run, which arose from a car accident that occurred on July 3, 2018. At the same hearing, Waits also pled no contest to bail jumping and resisting or obstructing an officer, charges that arose from a separate incident that occurred on March 8, 2019. The circuit court withheld Waits' sentence and he was placed on probation for two years. A restitution hearing was set for a later date.

¶3     The restitution hearing that followed centered on Alice,[2] the victim of the hit and run. Alice testified that she was sitting in the driver's seat of her car, stopped at a stop sign, when Waits' vehicle hit her car. While Alice initially declined the offer to leave the accident scene in an ambulance, she later developed deep bruising across her chest and went to the emergency room. Over the course of the next nine months, Alice sought treatment for back pain that developed following the hit-and-run incident. After one of her appointments, her symptoms became worse, and her primary care doctor recommended she put physical therapy on hold until she could see a specialist. Alice continued to seek medical treatment with limited success until about April 2019, when the nerves in her lower back were cauterized.

---

[2] This matter involves the victim of a crime. Pursuant to WIS. STAT. RULE 809.86(4), we use a pseudonym instead of the victim's name.

2

¶4 Because of the pain she experienced following the hit and run, Alice missed a significant amount of work. Normally, Alice worked about 45-55 hours a week as a warehouse generalist. While she was seeking medical treatment, however, Alice was placed on a leave of absence from early July 2018 to late October 2018. Thereafter, she worked limited hours until January 2019, when her restrictions were lifted and she returned to full-time work. Alice explained that her doctor would provide a note to her employer that she should not work during the times she was on leave and/or working with restrictions. Alice also submitted a spreadsheet that her employer compiled detailing the days she missed work, how much time she missed, and the hourly rate she would have made.

¶5 In total, Alice requested $37,235.57 in restitution, which included $16,615.44 for medical expenses, $19,620.13 in lost wages, and $1,000 for her car insurance deductible.

¶6 Waits also testified at the restitution hearing. His testimony focused on factors affecting his ability to pay restitution, including his education level and ability to obtain employment, childcare expenses, rent, groceries, car insurance payments, utilities, phone payments, and loans.

¶7 The circuit court ordered restitution in the amount of $37,235.57 plus fees, bringing the total to $40,959.13. Initially, the court ordered Waits to pay $75 per month, but after Waits' probation was revoked, the court ordered him to pay at least $100 per month.

¶8 In explaining the restitution award, the circuit court found that there was a sufficient nexus between the hit and run and the amounts Alice requested. Regarding Alice's medical bills, the court reasoned that her treatment was

necessitated by the hit and run and that her preexisting medical conditions did not negate or diminish the amount Waits was required to pay:

> I've reviewed the medical records…. I note that, although the medical records do not specifically find that the victim's injuries were a result of the car crash, certainly the records do indicate that the victim was involved in a motor vehicle accident. That shows up multiple times in those records and seems to accept the fact that that was the origin of the injuries for which she was being treated.
>
> And, of course, there was the crash that was on July, 2018, and the victim goes to urgent care immediately and that triggers this lengthy period of treatment for which restitution is sought. And I'm satisfied by the explanations given by the victim for things she either did or didn't do during that rather lengthy period of treatment which ultimately resolved the problem, which I believe is appropriately attributed to the car crash.
>
> Pre-existing condition, yes, there was one, but the crash aggravated that, so certainly the restitution should not be negated or diminished by virtue of the pre-existing condition. I find then that the medicals in the amount of $16,615.44 are appropriately ordered.

¶9 Regarding Alice's lost wages, the circuit court further determined: "I likewise am satisfied regarding the explanations given by the victim about her employment, her limitations on employment, her return to work, times off from work, and I will assess the lost wages at $19,620.13."

¶10 Finally, the circuit court found that although Waits' personal expenses were significant, he still had the ability to find employment and pay restitution:

> I think ultimately what this really boils down to is ability to pay, and that I considered prior to the fact that now I see that Mr. Waits is in jail.
>
> I don't know how long he's in jail for, but the testimony from Mr. Waits was that he has trouble finding employment because he's a convicted felon, although

certainly I think the State's observations are correct, these days that should not be an impediment to finding employment.

Mr. Waits has an ability to find employment. Certainly at a minimum, minimum wage should be attributed to him. I recognize that he does have a significant other and a small child….

¶11 Waits filed a postconviction motion to modify his sentence, arguing that the circuit court erroneously exercised its sentencing discretion by determining the restitution award. The court denied the motion, and Waits appeals.

## DISCUSSION

¶12 On appeal, Waits challenges the circuit court's exercise of discretion regarding his restitution award. When an appellant argues that the amount of restitution should be offset or reduced for any reason, we review the circuit court's order for an erroneous exercise of discretion. *State v. Muth*, 2020 WI 65, ¶14, 392 Wis. 2d 578, 945 N.W.2d 645. When we review the record, we look "for reasons to sustain a circuit court's discretionary decision." *Id.* "Therefore, if the circuit court grounded its decision in a logical interpretation of the facts and applied the correct legal standard, [this court] will uphold it." *Id.*

¶13 Waits first contends that the circuit court erred by barring him from introducing evidence of Alice's contributory negligence at his restitution hearing. As Waits points out, WIS. STAT. § 973.20(14)(b) provides that in a restitution hearing, a defendant "may assert any defense that he or she could raise in a civil action for the loss sought to be compensated." However, this court has held that defendants may not raise contributory negligence as a defense to restitution. *See State v. Knoll*, 2000 WI App 135, ¶17, 237 Wis. 2d 384, 614 N.W.2d 20; *see also*

*State v. Sweat*, 208 Wis. 2d 409, 424, 561 N.W.2d 695 (1997) (stating that certain "civil defenses available in a civil action, such as contributory negligence … simply do not make sense in a restitution hearing"). This rule exists not only because allowing a defendant "to focus on the action of a victim to avoid restitution" permits that defendant "to evade responsibility for his [or her] own actions," but also because "bringing the issue of contributory negligence into a restitution proceeding, which by its nature is informal … would defeat the informal nature of the proceedings." *See Knoll*, 237 Wis. 2d 384, ¶¶16-17. This court, therefore, cannot agree with Waits' contention that courts have "confused the issue of bringing defenses with the issue of how evidence is introduced." The relevant case law analyzes the statute in light of the policies governing restitution, and the circuit court properly applied the law when it excluded evidence of Alice's contributory negligence at the restitution hearing.

¶14     Waits also argues that the circuit court erred by not allowing him to introduce evidence that Alice did not have medical liability insurance. As the State correctly points out, however, the court did in fact allow Waits to introduce this evidence. What defense counsel was not permitted to ask was whether Alice was aware that state law requires medical liability insurance. The court prohibited this line of questioning because it would have been beyond the scope of Alice's knowledge. Because Waits does not address this point in his reply brief, we conclude that Waits has conceded this argument. *See United Co-op. v. Frontier FS Co-op.*, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578 (a lack of response may be taken as a concession). Relatedly, Waits argues that he "should not be required to pay for any of the victim's medical expenses as she was required to have insurance but did not." Waits cites no authority for this argument and does not develop it further, so we will not consider it. *See State v. Pettit*, 171

Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (the court of appeals need not address undeveloped arguments).

¶15    Waits next argues that the restitution award violates the state and federal constitutions because it is excessive.  According to Waits, the restitution award is excessive because it will take him more than 30 years to pay and is, in his opinion, disproportionate to the gravity of his offense.  Waits does not, however, cite any controlling authority for his contention that restitution is under the purview of the excessive fines clause of the Wisconsin constitution—or for that matter, the Cruel and Unusual Punishments clause of the Eighth Amendment in the Federal Constitution.  The case he cites in support of his argument, *State v. Izzolena*, 609 N.W.2d 541, 545-46, 549 (Iowa 2000) (state statute requiring any defendant found guilty of a felony that caused another's death to pay $150,000 in restitution to the deceased's estate was under the purview of the state constitution's excessive fines clause).  This case is not binding precedent in Wisconsin, and we are not required to follow it.  *See State v. Muckerheide*, 2007 WI 5, ¶7, 298 Wis. 2d 553, 725 N.W.2d 930.  Furthermore, the purpose of restitution is to make the victim whole and "reflects a strong equitable public policy that victims should not have to bear the burden of losses if the defendant is capable of making restitution."  *State v. Wiskerchen*, 2019 WI 1, ¶22, 385 Wis. 2d 120, 921 N.W.2d 730 (citation omitted).  The award in this case was made to compensate the victim for insurance, medical expenses, and lost wages, and it was supported by ample evidence.  The fact that it may take Waits many years to pay the award does not, by itself, make it excessive.

¶16    Waits additionally argues that there was an insufficient causal nexus between Alice's injuries and his behavior to justify awarding her medical expenses.  *Id.*, ¶25 ("At a restitution hearing … [t]he victim needs to show that

there is a 'causal nexus' between the crime and the victim's losses, such that the defendant's criminal activity was a 'substantial factor' in causing the losses." (citation omitted)). In support of his argument, Waits points to the circuit court's observation that "although the medical records do not specifically find that the victim's injuries were a result of the car crash, certainly the records do indicate that the victim was involved in a motor vehicle accident."

¶17 Waits leaves out key aspects of the circuit court's reasoning. As noted above, immediately after finding that "certainly the records do indicate that the victim was involved in a motor vehicle accident," the court concluded:

> That shows up multiple times in those records and seems to accept the fact that that was the origin of the injuries for which she was being treated.
>
> And, of course, there was the crash that was on July, 2018, and the victim goes to urgent care immediately and that triggers this lengthy period of treatment for which restitution is sought.

In other words, the court did find that there was a causal connection between Waits hitting Alice's car, which precipitated Alice's injuries, and the hit-and-run conviction. Based on the testimony and medical records, the court found that Alice's injuries and the lengthy period of treatment that followed originated from the accident. This finding is not clearly erroneous. Therefore, the court properly exercised its discretion in finding a causal nexus to award restitution.

¶18 Waits further argues that the circuit court should not have granted the entirety of Alice's restitution request because she had preexisting conditions, including those from a back surgery in 2006. Preexisting conditions do not, however, foreclose restitution. "[I]f the defendant's actions were the precipitating cause of the injury complained of, and such injury was the natural consequence of

8

the actions, the defendant is liable, although the victim's preexisting condition might have aggravated the injury." *State v. Behnke*, 203 Wis. 2d 43, 59, 553 N.W.2d 265 (Ct. App. 1996), *overruled on other grounds by*, *State v. Johnson*, 2023 WI 39, ¶1 n.3, 407 Wis. 2d 195, 990 N.W.2d 174. Here, the court found that even though the victim did have preexisting conditions, the car crash aggravated them. Accordingly, there was no reason to negate or diminish the restitution. This was not an erroneous exercise of discretion.

¶19 Waits additionally argues that Alice's medical bills for treatments after July 18, 2018, "should definitely be removed as the clinic made the victim worse." Waits' argument in this regard mischaracterizes Alice's testimony. While she did report that her back pain was worse after a physical therapy appointment in July 2018, she also testified that the reason she stopped physical therapy was because she was referred to a specialist. She also testified that she continued medical treatment until April 2019. Waits points to no additional evidence to support his argument that physical therapy, not the car accident, caused Alice's continued pain and medical treatment. Therefore, this court will not consider this argument further. *See Pettit*, 171 Wis. 2d at 646-47.

¶20 Waits also argues that the circuit court erred by compensating Alice for her lost wages. He argues, without explaining, that "lost wages for time off after July 3 should also be removed from the restitution award." Again, this argument is undeveloped, and this court will not consider it. *See id.*

¶21 Finally, Waits argues that the circuit court erroneously exercised its discretion by failing to consider his ability to pay restitution. At a restitution hearing, the court must consider:

1. The amount of loss suffered by any victim as a result of a crime considered at sentencing.

2. The financial resources of the defendant.

3. The present and future earning ability of the defendant.

4. The needs and earning ability of the defendant's dependents.

5. Any other factors which the court deems appropriate.

WIS. STAT. § 973.20(13)(a). The defendant has the burden to prove each of these criteria by a preponderance of the evidence. Sec. 973.20(14)(b).

¶22 We conclude that the circuit court properly considered Waits' ability to pay when rendering its decision. The court considered Waits' testimony regarding his difficulties finding employment because of his felony conviction, but it ultimately determined that Waits had the ability to at least find a minimum-wage job. *See* WIS. STAT. § 973.20(13)(a)3. Indeed, at the restitution hearing, evidence was presented that Waits had recently been employed. Further, as the State points out, and Waits does not dispute, Waits does not suffer from any physical disabilities that would prevent him from working in the future. The court also considered the fact that Waits provides for his child. *See* § 973.20(13)(a)4. At the restitution hearing, Waits conceded he was aware that he could seek state assistance, including child support, to assist with his expenses related to his child. In sum, because the circuit court properly considered Waits' ability to pay at the time of setting restitution, we will uphold the circuit court's decision. *See **Muth***, 392 Wis. 2d 578, ¶14.

10

¶23    For all the foregoing reasons, the judgments and order are affirmed.

*By the Court.*—Judgments and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.